## FELL ET AL. v. COOK ET AL.

1. **Promissory Note:** CONSIDERATION: DISCHARGE IN BANKRUPTCY. Where after a discharge in bankruptcy the bankrupt executed his promissory note for a debt existing prior to the adjudication, upon condition that the payee would dismiss a proceeding commenced to set aside the discharge, *held* that the note was void.

2. ——: ——: SUBSEQUENT PROMISE. The note would not be rendered valid by a subsequent promise of the maker to pay it.

*Appeal from Henry District Court.*

SATURDAY, OCTOBER 21.

THIS is an action upon three promissory notes. The answer admits the making of the notes, but alleges that at the time of the execution thereof defendants had been adjudged bankrupts, and had procured their discharges in bankruptcy and were released thereby from the payment of this and all their existing debts; that said notes were given for a debt contracted long before said adjudication in bankruptcy, and there was no consideration therefor excepting said former discharged debt.

It is further alleged that defendants were induced to sign said notes on account of threats and duress on the part of plaintiffs—they falsely and fraudulently representing that, unless defendants executed said notes, plaintiffs would have said discharges set aside and declared void.

There was a reply denying the alleged fraud, duress and unlawful threats, and charging that the bankruptcy proceedings were fraudulent and void. There was trial to the court, and judgment for the plaintiffs for the amount of the notes, and defendants appeal.

*P. N. Bowman*, for appellants.

*H. & R. Ambler*, for appellees.

ROTHROCK, J.—I. The notes upon which suit is brought are dated October 23, 1869.

The defendants exhibited and introduced in evidence orders of discharge in bankruptcy issued from the District Court of the United States for the Southern District of Ohio, dated March 31, 1869. It appears from the evidence that the notes in question were given for a pre-existing debt contracted in 1867, which was scheduled and proved in the bankruptcy proceedings.

1. PROMISSORY note: consideration: discharge in bankruptcy.

It further appears from the evidence that plaintiffs reside in the city of Philadelphia, and at the time of the bankruptcy proceedings the defendants also resided at that place, and after defendants obtained their discharge in bankruptcy the plaintiffs instituted a proceeding in said bankruptcy court to set aside said discharge and adjudication on the ground that the District Court for the Southern District of Ohio had no jurisdiction, and that said discharges were void by reason of being obtained by imposing on said court jurisdiction which it did not possess. Pending this proceeding and after some testimony had been taken in the form of depositions, these notes were executed in consideration that said proceedings should be dismissed and no further effort be made to set aside the discharges in bankruptcy. The defendants supposed that these notes were valid and have since paid another note of $318, given to plaintiffs at the same time and under the same circumstances as the notes in suit, and they wrote frequent letters promising to pay the latter. A short time before the commencement of the suit, defendants were advised that said notes were invalid and not binding on them, since which time they have resisted payment. The evidence shows no duress in its legal sense. It merely shows that plaintiffs instituted the proceedings to revoke the discharges in bankruptcy and represented to defendants that they could make them trouble, and as an inducement to the defendants to give these notes, plaintiffs abandoned all efforts to impeach the adjudication in bankruptcy.

The evidence establishes the above facts clearly and without conflict, and the question to be determined is, are the notes void?

Section 5131, Rev. Statutes, U. S., provides, that " Any con-

tract, covenant, or security, made or given by a bankrupt or other person with, or in trust for any creditor, for securing the payment of any money as a consideration for or with intent to induce the creditor to forbear the opposing the application for discharge of the bankrupt shall be void."

If these notes had been given before the date of the discharge in bankruptcy as an inducement to withhold opposition to the discharge, they would unquestionably be void under the provisions of the statute just cited. Such a promise is a fraud upon the other creditors of the bankrupt, and is contrary to public policy.

It is contended, however, that these notes are not within the statute as they were made after the defendants procured their discharge in bankruptcy.

Section 5120 of the Revised Statutes of the United States, provides that "Any creditor of a bankrupt, whose debt was proved or provable against the estate in bankruptcy, who desires to contest the validity of the discharge on the ground that it was fraudulently obtained, may at any time within two years after date thereof apply to the court which granted it to annul the same."

Any fraud on the part of the bankrupt which would have prevented a discharge in the first instance is available in this supplemental proceeding, and will annul the discharge, provided it be shown that the complaining creditor had no knowledge of the fraud until after the granting of the discharge.

For two years, then, succeeding the discharge, it is merely provisional as to creditors who may be able to show fraud. Its effect as to them is the same as if they were seeking to defeat a discharge in the first instance, and if after instituting proceedings to annul, the bankrupts are induced by a withdrawal of the same, to make a contract by giving notes, they are as invalid as if made before discharge.

II. It is urged by counsel for plaintiffs that the defendants should be held liable by reason of the subsequent promises to

2. ——: ——: *subsequent promise.* pay the notes. We very much question whether a promise made to pay an obligation which the

law declares to be void as against public policy can be binding, but it is a sufficient answer to the claim made to say that this suit is founded upon the notes, and not upon a cause of action arising by reason of a new promise.

REVERSED.